

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

September 16, 1942

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4836
Re: Procedure for collection
of delinquent ad valorem
taxes where taxpayer has
made assignment for bene-
fit of creditors.

The facts presented by your letter of September
11, 1942 are as follows:

A furniture dealer who owes state and county ad
valorem taxes has made an assignment of his merchandise
for the benefit of his creditors. The property has been
sold by the assignee to a third party who is now operating
the furniture store. The taxes remain unpaid.

You request the opinion of this department ad-
vising you of the proper procedure to be taken by the tax
collector in the collection of such taxes.

Article 7269, R.C.S., 1925, reads as follows:

"In all cases where a taxpayer makes an
assignment of his property for the payment of
his debts, or where his property is levied upon
by creditors, by writs of attachments or other-
wise, or where the estate of a decedent is or
becomes insolvent, and the taxes assessed against
such person or property, or against any of his
estate remain unpaid in part or in whole, the
amount of such unpaid taxes shall be a first lien

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

upon all such property; provided, that when
taxes are due by an estate of a deceased person,
the lien herein provided for shall be subject
to the allowances to widows and minors, funeral
expenses, and expenses of last sickness. Such
unpaid taxes shall be paid by the assignee, when
said property has been seized by the sheriff, out
of the proceeds of sale in case such property has
been seized under attachment or other writ, and
by the administrator or other legal representative
of decedents; and, if said taxes shall not be paid,
all said property may be levied on by the tax col-
lector and sold for such taxes in whomsoever's
hands it may be found."

That Article makes it the duty of the assignee, under
the fact situation here presented, to pay such taxes, and fur-
ther provides that in the event that same are not paid "all
such property may be levied on by the tax collector, and sold
for such taxes in whomsoever's hands it may be found". Such
Article fixes a lien on all the property of the assignor for
the benefit of creditors, to secure the payment of unpaid taxes.
Zachary vs. City of Uvalde, 42 S. W. (2d) 417.

In the case of State v. Jordon, 60 S.W. 1005, the
Court, in discussing this statute, made this statement:

"The effect of the article was to give the
State a lien upon all the property of an estate
or individual (under the circumstances named in
the article), so that all the property should
be under a preference lien for all the taxes due
by the individual or estate, without reference
to the particular property against which it was
assessed."

The first expression of our courts on the effect of
this article was that of the Court of Civil Appeals in the
case of People's National Bank v. City of Ennis, 50 S.W. 632,
from which we quote:

"Article 5175a (now Art. 7269) creates a lien upon
the personal property of the taxpayer when the con-
ditions named therein exist." (Parenthesis ours).

Every element necessary to make the provisions of Article 7269 operative is present in the fact situation under consideration. Under the authorities above cited we think the assignee is obligated to pay the unpaid state and county taxes on the property assigned. We are further of the opinion that a lien exists on said property to secure the payment of such taxes, and that said property may be levied upon and sold for such taxes by the tax collector, if it can be identified in the hands of the assignee's purchaser, should the assignee fail to pay said taxes.

An appropriate procedure for the tax collector would be first to make demand of the assignee for payment of the taxes, and in the event of his failure to pay same, to proceed to make such taxes from said property, either by seizure and sale or by suit for recovery of the taxes and foreclosure of the tax lien.

Trusting that we have fully answered your inquiry, we are

APPROVED SEP 18, 1942

ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Fowler Roberts

Fowler Roberts
Assistant

FR:nw


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN